## No. 12,169.

### MRS. M. J. CALLAHAN ET AL. VS. CALLAHAN FLUKER.

Where there is an order for the advertisement of the application for the appointment of an administrator, and the order recites that the applicant shall be appointed if no opposition is made, if no appointment is made after this order and the administrator gives bond and makes affidavit, the bond and the affidavit will not authorize him to act as administrator. An order for the sale of property of the succession, by such administrator, is null and void, and if a party purchase succession property under the order, and has been instrumental in provoking the order with full knowledge of the irregularities in the administration, the sale will be set aside and the property returned to the succession for administration.

APPEAL from the Civil District Court for the Parish ¡of Orleans. Rightor, J.

*William Winans Wall* for Plaintiffs, Appellees.

*Thomas J. Kernan* for Defendant, Appellant.

Argued and submitted December 19, 1896.
Opinion handed down January 18, 1897.

The opinion of the court was delivered by

McENERY, J. This case was before us at our last session. We then reversed the judgment of the District Court, which had sustained defendant's plea to the jurisdiction of the Civil District Court, and dismissed plaintiffs' suit and remanded the cause to the lower court for further proceedings according to law. Plaintiffs' pleadings will be found given in full in the report of the case at page 427 of the 47th Annual, entitled Callahan vs. Fluker. For present purposes it will suffice to say that the suit is a petitory one brought by the children of Louis H. Young, seeking to recover from defendant property alleged to have belonged to their father, of which they averred defendant to be in illegal possession. As part of the history of the case, they averred the death of Louis H. Young, in the parish of East Feliciana, and declared that defendant asserted ownership of the property in question to have vested in him under a judicial sale which they allege was an absolute nullity. We will have occasion in the body of this opinion to refer to the different reasons upon which they ground that contention. On the return of the case, defendant answered, pleading, first, the general issue. He admitted that he was in possession, as owner, of some lands claimed in the suit by the plaintiffs, a list of which he annexed to his answer. In respect to all other lands claimed he denied that he was in possession of, or claimed ownership thereof. He averred that the lands contained in the exhibit which he annexed were purchased by him in good faith at a regular probate sale made by the sheriff of the parish of East Feliciana on December 3, 1894, in pursuance of a valid decree of court to pay debts, granted by the Sixteenth District Court for the parish of East Feliciana, on October 8, 1894, in the matter of the Succession of Louis H. Young of the docket of that court; that he had lawfully continue ı in the open and uninterrupted possession of said lands as owner ever since the date of said sale; that his title is protected by said order; that neither said order for the sale nor the sale made thereunder could be collaterally attacked or drawn in question before any court, except that in which said proceedings were had. He denied that he was acting in any fiduciary capacity which disqualified him from becoming the purchaser of said lands, and averred that said bid for the same was made unwillingly for the purpose of realizing costs only after the plaintiff had apparently abandoned the succession and

after the lands had failed to sell at public offering for want of a bidder. He averred that the title to the portion of the lands was inchoate, imperfect or bad, and that he expended much labor, skill and money in perfecting the title to the lands described. in his exhibit to the aggregate value of at least one thousand five hundred dollars; that in the event of his eviction from the lands he should recover said amount as a condition of their taking possession of the same. He pleaded the prescription of five years against all irregularities or informalities, if any there were in said probate sale, and the prescription of ten years *acquirendi causa*. He prayed that he be quieted in his title and possession of the lands, and contingently upon being evicted that he have judgment against the plaintiffs for fifteen hundred dollars, with legal interest.

There was judgment for plaintiffs. Defendant appealed.

The first difficulty which confronts us is whether or not a direct action is necessary in order to annul the order of sale attacked in this suit. Ordinarily an attack to annul a judgment must be by direct action. There can be no questioning of the well-established jurisprudence on this point. Duson, Curator, vs. Dupré et als., 32 An. 896; Grevemberg vs. Bradford, 44 An. 400; Heirs of Ford vs. Mills & Phillips, 46 An. 331.

In the case of Heirs of Ford vs. Phillips, *supra*, (46 An. 331) there was an order directing the application for the administration of the succession to be advertised, and in case of no opposition being filed the applicant to be appointed. Following this order, letters of administration issued to Dean, reciting that he had been appointed administrator of the succession and had taken the oath and executed the bond required by law, and it was further declared that the applicant was confirmed in his appointment. An order of sale was issued to sell property to pay debts. It was sold, and found its way eventually to a third innocent party, against whom suit was brought to recover the same. The appointment of administrator and the sale were alleged to be nullities. We held that the order appointing the administrator could not be attacked collaterally, and assumed as a fact that between the issuing of letters of administration and the application for the administration there had been a direct appointment of administrator. The letters of administration directly warranted this assumption, as they recited facts, the appointment, etc., which had been done.

In this case there is no room for an inference that an appointment had followed the conditional order, and in this case there is no innocent third purchaser invoking the order for his protection as in the case cited.

There may be also irregularities preceding the order appointing the administrator, which could only be reached by a direct action.

But in this case there was no advertisement preceding the appointment. There was an order requiring an advertisement and a conditional order that the applicant be appointed administrator in case no opposition was made to the application. No appointment followed this order. The administrator, however, furnished a bond and made the required affidavit. These requisites could only be based upon a prior order of the appointment of an administrator, and none having been made they are valueless as authority for the administration. There was then no appointment of administrator. Succession of Gusman, 35 An. 405; Pfarr & Kuhlman vs. Belmont, 39 An. 298.

In a contest for the appointment of an administrator the facts recited would establish the proceedings following the application for the administration were absolute, and not relative nullities, and no direct action was necessary to have them declared so. *Id.*

It is firmly fixed in our jurisprudence that a purchaser at probate sale is not bound to look beyond the judgment ordering the sale. He is not bound to inquire into irregularities preceding this order. The duty is not imposed upon him to inquire into the regularity of the administrator's appointment. It is enough for him that the administrator is recognized by the court as such, and is acting under the eye of its authority. Succession of John Gurney, 14 An. 622; Mitchell, Dative Testamentary Executor, vs. Levi, 23 An. 630.

But the purchaser at such sale must be a *bona fide* purchaser—that is, he must not be in fraud or collusion, and the order must not have been through his own acts. In this case there are no such charges as fraud and collusion. The case rests on the active participation of the defendant in the procurement of the order under which the purchase was made.

From the testimony it appears that the succession had been abandoned by those in interest. The attorney, the defendant, had rendered valuable services to the succession, and his only means of realizing his debt against the same was by purchasing the property at succession sale. The price was totally disproportionate to its

value, at least at the present time. Its present value, no doubt, has stimulated pursuit for its recovery. The record shows that the defendant was the attorney of the succession. He filed the application for its administration—in fact, all applications for the order in the case. He was not, then, an innocent third party buying at probate sale who can invoke the order for his protection, nor can he plead prescription as to irregularities, the direct result of his own professional acts.

Having knowledge of the entire proceedings and having been the author of them, and the beneficiary of them, he can not set up the plea of relative nullity and require a direct action to annul them. So far as he is concerned and those having an interest the order of sale was an absolute nullity. The evidence discloses, while acting as attorney, he was, in fact, the agent and attorney of the succession, the practical administrator, a condition imposed upon him, not directly by his own act or solicitation, but from the very necessity of connection with the succession and its abandonment for years by those interested in it. There was no duly appointed administrator, and the defendant, in fact, acted as such. In that capacity he was without authority to purchase. The application for the appointment of an administrator still exists. It has not been disposed of in the lower court. Kullman vs. Belmont, 39 An. 298.

The judgment appealed from is amended so as to reverse that part in favor of the plaintiffs which restores to them and gives them title to the property, and the adjudication to defendant be annulled and the property be restored to the succession. In other respects it is affirmed, reserving to the defendant the right to assert his claim for fees against the succession, when duly and properly under administration. Plaintiffs to pay costs of appeal.